IKE STEVENS V. THE STATE.

No. 12461.   Delivered April 10, 1929.
Rehearing denied May 15, 1929.

The opinion states the case.

*W. S. Ethridge* of Bandera and *Horace E. Wilson* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, theft of one head of cattle; penalty, three years in the penitentiary.

The only question presented on this appeal is the alleged insufficiency of the evidence to corroborate the accomplice Charlie Whitley. Prosecuting witness, E. A. Parsons, owned a ranch in charge of his son, E. E. Parsons, which adjoined the Booker Davenport ranch and which was in charge of one Lon Elam at the time of the commission of the offense. Appellant was in the butcher business in the town of Bandera. Accomplice Whitley testified that appellant got him to go with him into the country to butcher a hog; that on the way out there appellant suggested that he had an animal at Lon Elam's and that they go over there and butcher this animal. Lon Elam was absent from home at the time. Arriving at this place, Whitley testified that appellant saddled Elam's horse, caught and they together butchered the animal in controversy, and that they then stayed all night, leaving the next morning before daylight, and that appellant admitted to him that this was

not his animal. In another conversation Whitley says that appellant admitted to him that he had left his jacket at Elam's house and had taken Elam's by mistake. Parsons at about this time lost a red bald faced yearling. The hide of this animal was found at Lon Elam's place shortly after the transaction above detailed by Whitley, partly burned and was identified as having come from the animal lost by Parsons. Blood, entrails and other evidence of the butchering of an animal appeared near Elam's barn. Appellant's jacket was also found at Elam's house and Elam's jacket was found in a filling station, apparently in the town of Bandera. The effect of a subsequent statement made by appellant to Elam was to admit that he had left his jacket at Elam's house but claimed it was at a different time from the transaction testified to by Whitley. In a conversation with W. W. Whitley, father of the accomplice Charlie Whitley, appellant stated: "Charley, he is just as guilty as I am; we just thought that we would go down there and get a little money out of it." Whitley testified that this conversation was after his son was accused and that this conversation was about this matter.

We think that the above recited facts are sufficient, though perhaps meagerly so, to corroborate the accomplice Whitley. There are certain aspects of this case which are somewhat unusual but they are not such as this Court can take cognizance of in view of an adverse finding by the jury.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In a very plausible manner appellant's counsel, in the motion for rehearing, questions the soundness of the conclusions stated in the original opinion with reference to the sufficiency of the corroboration. An animal belonging to Elam was the subject of the theft. It was butchered at Elam's home. The presence of the appellant and Whitley, the accomplice witness, at the time the animal was butchered was conceded. Whitley, the accomplice, stated in his testimony that he was but the innocent agent of the appellant who claimed the ownership of the animal. The appellant testified in his own behalf, and according

to his version Whitley claimed the ownership of the animal that was killed and the appellant's participation was that of an innocent agent. In the motion for rehearing the proposition is advanced that the failure of the State to recall Whitley after the appellant had testified in order that the truth of the appellant's version might be denied, leaves Whitley's testimony without corroboration. Inasmuch as the testimony of Whitley and the appellant were directly opposed to each other, the failure to recall Whitley in order that he might reiterate his testimony is regarded as of no weight on the legal proposition involving the sufficiency of the corroboration.

The motion for rehearing is overruled.

*Overruled.*